Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7132 | **DATE** | 5/31/2002 |
| **CASE TITLE** | Donna McGary et al. Vs. Aurora P.O. Officer Frausto et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On April 6, 2002, we granted defendants' motion to dismiss counts II, III, V and VII through IX, and the minute order so reflects. The docket entry in the clerk's office inadvertently referred to counts II, III, V and VII and IX, thus omitting count VIII, but that was an error. The motion for summary judgment is granted, except for the claim of illegal seizure, essentially a claim of false arrest, which we will get to later. Defendants' motions in limine are granted. Plaintiffs' motions in limine is denied as one and granted, denied and continued in part as to the other.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN - 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 58 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 JUN -3 AM 9:56 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA McGARY and YOLANDA )
RODRIGUEZ, )
 )
       Plaintiffs, )
 )
vs. ) No. 99 C 7132
 )
AURORA POLICE OFFICER )
MARIA FRAUSTO, et al., )
 )
       Defendants. )

DOCKETED
JUN - 4 2002

## MEMORANDUM OPINION AND ORDER

First, we clear up some confusion. On April 6, 2000, we granted defendants' motion to dismiss counts II, III, V and VII through IX, and the minute order so reflects. The docket entry in the clerk's office inadvertently referred to counts II, III, V and VII and IX, thus omitting count VIII, but that was an error.

The City of Aurora, the police officer defendants in their official capacity, and Officer Mark Johnson in both his official and individual capacity all moved for summary judgment on October 24, 2001. All defendants also moved for summary judgment on count IV, unlawful search and seizure. Plaintiffs never responded.

The claims against the City and against the officers in their official capacity are Monell claims, and a review of the record indicates no evidence supporting a claim that Aurora has a policy or custom of authorizing or condoning excessive force. Nor is there any evidence of any unlawful search. The most that can be said is that plaintiff Rodriguez observed at one point that her purse was open, although nothing had been removed. Finally, there is no

58

evidence that Mark Johnson was even aware that there had been a confrontation until it was over and he observed plaintiff McGary being escorted downstairs after her arrest. The motion for summary judgment is granted, except for the claim of illegal seizure, essentially a claim of false arrest, which we will get to later.

Defendants have filed six motions *in limine* and plaintiffs have filed two. The most contested motions relate to evidence of excessive force by defendant officers during a period from 1996 to the present, four by Officer Schmidt, one by Officer Robertson, and one by Officer Hanson. Plaintiffs have listed a number of witnesses who would, presumably, testify about those incidents. Plaintiffs seek to introduce that evidence and defendants move to exclude it. Plaintiffs' motion is, for now, denied, and defendants' motion is granted.

Rule 404 of the Federal Rules of Evidence is the touchstone, but it is not self-defining. Wright and Graham, Federal Practice and Procedure: Evidence §§5231-5250, and the same sections of the 2002 Supplement chronicle the great difficulties courts have had in determining the admissibility of other crimes, wrongs or acts. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." That is, evidence of prior conduct cannot be introduced to try to persuade the trier of fact that someone must have engaged in wrongful conduct because he has engaged in similar conduct in the past and therefore has a propensity to engage in that conduct. But there are a number of exceptions, which include admission to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Creative lawyering can obviously conjure up some reason for applying an exception, but we believe we should take a commonsense look at the purpose: is there a significant reason other than

propensity for admission, or is proof of propensity the primary effect of the evidence? We have been unable to divine any significant reason for admission of prior misconduct evidence other than as evidence of propensity and, unless we are persuaded otherwise (or something comes up during trial that provides a reason for admission), that evidence will be excluded.

We do need to go back, however, to one matter. We have stated that there is no evidence supporting a Monell claim. We recognize that evidence of a pervasive ignoring of excessive force abuses, either by refusing to take action or by invariably rejecting such claims, after an "investigation," regardless of how well the abuses are documented, can sustain a claim of municipal custom. But here the proffered evidence is of six incidents over five or more years, and without evidence of what other claims of excessive force there may have been and what action was taken. For a community the size of Aurora that is hardly the stuff of a municipal custom.

Plaintiffs have not responded to defendants' other motions, which is understandable as they are rather routine. Those motions are granted; they are motions to bar evidence of liability insurance and indemnification, to bar plaintiffs from giving lay opinion testimony concerning their medical condition and injuries, to bar plaintiffs from introducing post-incident conduct of traffic stops, to bar evidence of hearsay statements of an unidentified Aurora police officer, and to bar evidence of charges dropped against plaintiffs as a result of plea negotiations. Plaintiffs can, of course, testify about medical conditions they perceived at the time, such as bruises and pain. The cannot opine about their later lack of well-being, such as a thyroid condition, which a lay person could not know was or was not casually related.

That leaves, we believe, one matter. Plaintiffs move to bar evidence of their guilty pleas

to misdemeanor charges of disorderly conduct, contending that they received supervision and that supervision is not a conviction under Illinois law. The issue arises in three contexts: (1) Can the plea come in as Rule 609 impeachment? It cannot, because even if the supervision was a conviction, it was for a misdemeanor not involving dishonesty or false statements. (2) Can it come in as an admission if it is inconsistent with the plaintiffs' testimony about their own conduct at the time? Clearly it can. (3) Does it prevent plaintiffs from claiming they were unlawfully seized? That we cannot answer without some additional help from the parties. It may be that plaintiffs can pursue that claim if there was no conviction and thus nothing to set aside. But that we leave to another day.

                                                  JAMES B. MORAN
                                                  Senior Judge, U. S. District Court

May 31, 2002.